IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOSEPH DANIEL BROWN,            *
                                *
     Plaintiff,                 *
                                *
        v.                      *         CV 411-152
                                *
MICHAEL J. ASTRUE,              *
Commissioner of                 *
Social Security,                *
                                *
     Defendant.                 *

# O R D E R

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 25.) As discussed below, the Court finds that Plaintiff's motion is timely and that the requested fees are reasonable under 42 U.S.C. § 406(b)(1). Accordingly, Plaintiff's motion is hereby **GRANTED**.

## I. BACKGROUND

Plaintiff filed this civil action for review of the Social Security Commissioner's decision denying Plaintiff's request for benefits under the Social Security Act. On July 24, 2012, the Court entered an Order remanding this case pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered the following day. (Docs. 17, 18.) Plaintiff filed a motion for

attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"), on August 24, 2012. (Doc. 19.) The Court granted that motion in the amount of $5,422.50 plus $550.00 in costs. (Doc. 24.) On March 24, 2014, over a year and a half after the remand judgment by this Court was entered, the Commissioner issued a Notice of Award to Plaintiff (Doc. 25, Ex. C.) Eleven days later, on April 4, Counsel filed the instant Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1).

Counsel represented Plaintiff before this Court on a contingent fee basis that provided for a fee award of twenty-five (25) percent of any past-due benefits for his disability. (Doc. 25, Ex. A.) Plaintiff received an award of approximately $47,171.92.[1] (Doc. 25, Ex. C.) Counsel asserts, therefore, that pursuant to this contingent fee agreement, the Court should award him $6,370.48 in attorney's fees, which represents the total amount withheld by the Social Security Administration for payment to such representatives less the Court's prior EAJA award of $5,422.50. (Doc. 25 at 9, ¶¶ 12-13.)

The Commissioner did not respond to Plaintiff's motion, and therefore, she is deemed not to oppose it. See LR 7.5, SDGa. The Court further notes, in any case, that the Commissioner

---

[1] Plaintiff's Notice of Award does not state the full past-due amount owed to him, but rather that the Social Security Administration "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee." (Doc. 25, Ex. C, at 2.) By the Court's calculation, therefore, $11,792.98 is twenty-five (25) percent of $47,171.92.

2

opposed neither the amount requested in Plaintiff's original application for fees and costs nor the basis for calculating it. (Doc. 21.)

## II. STANDARD OF REVIEW

Two different statutes govern the fees that may be awarded when claimants seek Social Security benefits. <u>Jackson v. Comm'r of Soc. Sec.</u>, 601 F.3d 1268, 1271 (11th Cir. 2010). Under the EAJA, counsel may petition a district court for an award of an hourly rate fee. 28 U.S.C. § 2412. Alternatively, counsel may seek a contingency fee pursuant to 42 U.S.C. § 406(b). Although the district court can readily calculate the EAJA hourly rate fee immediately following remand of a social security case to the Commissioner, determining at the same time if and when the Commissioner will grant past-due benefits such that Section 406(b) contingency fees will be available is rarely possible. <u>Bergen v. Comm'r of Soc. Sec.</u>, 454 F.3d 1273, 1276 (11th Cir. 2006).

Thus, once a claimant successfully challenges a disability determination in federal court and the Commissioner subsequently issues a favorable decision upon remand, the Court may authorize payment of "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." <u>Id.</u> The fee is payable "out of, and no in

3

addition to, the amount of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). Section 406(b) further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek the court's approval even if there is a fee agreement between the attorney and the client. Gisbrecht, 535 U.S. at 807. "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." Jackson, 601 F.3d at 1271 (citing Gisbrecht, 535 U.S. at 808). Counsel may, however, obtain a Section 406(b) fee award even after having successfully petitioned for EAJA fees, but must reimburse any EAJA award to the client to avoid a double recovery. Gisbrecht, 535 U.S. at 796. Generally, Section 406(b) contingency fees amount to more than the statutory hourly rate allowed by the EAJA, so this two-step approach is common practice.

The Federal Rules of Civil Procedure, however, dictate that courts must also examine whether a plaintiff's motion for fees is timely. Indeed, Rule 54(d)(2) generally requires that counsel file any motion for attorney's fees within fourteen (14)

4

days "after entry of judgment." FED. R. CIV. P. 54(d)(2). Some courts have interpreted this procedural mandate to preclude any award of Section 406(b) fees as time-barred if counsel does not file the motion within fourteen (14) days of the district court's remand judgment. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1275 (11th Cir. 2006). This approach, of course, forces a resolution of fees months before the Commissioner has made a determination as to any past-due benefits, a necessary prerequisite to any award of Rule 406(b) attorney's fees. See 42 U.S.C. § 406(b)(1)(A).

On two occasions the Eleventh Circuit Court of Appeals has declined to unequivocally address when Rule 54(d)(2)'s clock begins to run for attorney's fee motions in Social Security cases such as this one. Blitch v. Astrue, 261 F. App'x 241, 242 (11th Cir. 2008) (per curiam) (finding the district court abused its discretion in refusing to hear a Section 406(b) motion for attorney's fees that was filed more than fourteen days after the remand judgment was entered because counsel's actions were "reasonable" in waiting to file the motion until after the Commissioner determined past-due benefits); Bergen, 454 F.3d at 1277 (noting that procedures for obtaining attorney's fees under the Social Security Act must conform with the Federal Rules of Civil Procedure). Instead, the court suggested a "best practice" that would require plaintiffs to request from the

5

district court statement in the remand judgment that attorney's fees may be applied for within a specified time after the Commissioner's determination. Bergen, 454 F.3d at 1278 n.2. It later encouraged the district courts to fashion a local rule to address the integration of Rule 54(d)(2) into the procedural framework for seeking fees under the Social Security Act. Blitch, 261 F. App'x at 242 n.1. Our colleagues in the United State District Court for the Middle District of Georgia, for instance, issued a standing order in 2009 that requires counsel to seek Section 406(b) fees "no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." LR 9.4, MDGa. Although this Court has no such rule, it finds the Eleventh Circuit's rulings in Bergen and Blitch instructive and the Middle District's common sense stance persuasive.

### III. DISCUSSION

In this case, Counsel timely sought and obtained EAJA fees after the Court originally remanded the matter on July 25, 2012. The earliest point at which Counsel could seek Section 406(b) fees was March 24, 2014 when the Commissioner announced his finding of past-due benefits. Counsel, in fact, did not learn about the award until March 27, 2014. (Doc. 25 at 9, ¶ 25.)

Within nearly one week, Counsel sought substitute Section 406(b) contingency fees for the prior award of EAJA hourly rate fees. The fact that Counsel filed the motion just eleven days after the Commissioner issued the Notice of Award on remand places it in complete compliance with the Middle District of Georgia's guidelines and Bergen, which appears to suggest that applying Rule 54(d)(2)'s 14-day rule to the procedures set forth in Section 406(b) is a reasonable starting point for reconciliation.

Having found Counsel's motion to be timely, this Court must determine whether the requested fee is reasonable. Gisbrecht, 535 U.S. at 807. As an initial matter, the Court notes that the requested fee is not greater than the twenty-five (25) percent statutory limit and that there is no evidence of fraud or overreaching by Counsel in making the contingency fee contract with Plaintiff. Second, the fee rate contemplated in the agreement between Counsel and Plaintiff aligns with Gisbrecht other reported post-Gisbrecht decisions. Gisbrecht, 535 U.S. at 800, 803 (noting twenty-five (25) percent is the most common fee for representation of disability claimants seeking past-due benefits); see also, e.g., Savage v. Astrue, No. 5:06-cv-196, 2010 WL 2012032 (M.D. Ga. May 20, 2010); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002). Third, upon remittance of the EAJA award to Plaintiff, Counsel's de facto hourly rate

7

calculates to be $212.35,[2] which is hardly excessive. See Price v. Astrue, No. 3:09-CV-59 CDL, 2012 WL 5875615, at *3 (M.D. Ga. Oct. 26, 2012), adopted by No. 3:09-CV-59 CDL, 2012 WL 5875610 (M.D. Ga. Nov. 20, 2012) (finding a de facto rate of $689.66 per hour — or between 1.5 and 2 times the non-contingent hourly rate of counsel — to be a reasonable fee); Thomas v. Astrue, No. 5:06-cv-6, 2010 WL 339787, at *3 (M.D. Ga. Jan. 21, 2010) (awarding a de facto rate of $500 per hour, which was over 1.5 times counsel's normal non-contingent hourly rate). This is especially so given that Counsel spent over twenty (20) of thirty (30) itemized hours on substantive issues (Doc. 25, Ex. B) and filed well-reasoned briefs that ultimately led to reversal, remand, and an award valued at tens of thousands of dollars for Plaintiff. Based on the Court's review of the supporting documents and there being no opposition by the Commissioner, the Court thus finds that the sum is reasonable.

---

[2] $212.35 per hour is $11,792.98 less the $5,422.50 to which Plaintiff is entitled, divided by thirty (30), the number of hours expended by Counsel on this case as set forth in Doc. 25, Exhibit B.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees (Doc. 25) and affirms the award of $11,792.98 in such fees to Counsel. In accordance with Gisbrecht v. Barnhart, Counsel is **DIRECTED** to refund to Plaintiff the Court's prior award of $5,422.50 in attorney's fees under the EAJA.

**ORDER ENTERED** at Augusta, Georgia this 30th day of September, 2013.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA